UNITED STATES of America, Plaintiff,

v.

Bradford D. KAUFMAN, Chair, Grievance Committee Panel "B", Fifteenth Judicial Circuit, Palm Beach County, Florida; and The Florida Bar, Defendants.

No. 96–8624–CIV.

United States District Court, S.D. Florida.

Aug. 26, 1997.

Dexter A. Lee, Asst. U.S. Atty., Miami, FL, for U.S.

Barry S. Richard, Tallahassee, FL, for Bradford Kaufman, The Florida Bar.

## MEMORANDUM OPINION

GRAHAM, District Judge.

**THIS CAUSE** came before the Court upon the Plaintiff's, the United States of America, Motion for Summary Judgment, filed November 11, 1996 (DE 11).

### I. FACTS AND PROCEDURAL HISTORY

On July 29, 1996, the Honorable Maurice M. Paul ("Judge Paul"), Chief United States District Judge for the Northern District of Florida, was served with a subpoena duces tecum ("subpoena") requiring him to appear *In the Matter of the Florida Bar Investigative Inquiry Florida Bar File No. 96–51,-085(15B)*.

Judge Paul holds office under Article III of the United States Constitution[1] and exercises the judicial power of the United States in the Northern District of Florida. At the time the subpoena was issued, Judge Paul was presiding over the criminal case of *United States v. Claude DuBoc,* Case No. GRC 94–01009–MP (N.D.Fla.). The *DuBoc* case is currently before Judge Paul and ongoing.

The subpoena was issued by Bradford D. Kaufman ("Kaufman") under 3–7.11(d)(2) of the Rules Regulating the Florida Bar. Kaufman is the chair of the Grievance Committee Panel "B", Fifteenth Judicial Circuit, Palm Beach County, Florida ("Grievance Committee"). According to Defendant's motion for summary judgment, the Grievance Committee was conducting an investigation of F. Lee Bailey ("Bailey"), the defendant's attorney in *DuBoc,* for unethical behavior, defiance of the Court's order, and theft of in excess of $20 million of the public's money. In the course of representing the defendant, Bailey entered into an oral agreement with the United States Attorney's Office. The agreement involved a dispute over Bailey's possession of certain of the defendant's assets. The oral agreement was never reduced to writing. However, the terms of the oral agreement were allegedly discussed in an unrecorded conference in Judge Paul's Chambers.

The subpoena required Judge Paul to appear on August 16, 1996 to give a statement under oath, as well as produce "all notes and memoranda pertaining to a meeting occurring (sic) in your chambers on May 17, 1994 which meeting pertained to the (sic) *United States v. DuBoc.*"

On August 5, 1996, Judge Paul wrote to David M. Barnovitz, Esq., Branch Staff Counsel of the Florida Bar, to advise him that Canon 3(A)(6) of the Code of Judicial Conduct for United States Judges precluded him from honoring the subpoena. Canon 3(A)(6) provides in pertinent part:

"A judge should avoid public comment on the merits of a pending or impending action . . ."

*See* Code of Conduct United States Judges, 150 F.R.D. 307 (1993).

Kaufman construed the letter of August 5, 1996 as a motion for protective order and/or motion to quash the subpoena. On August 28, 1996, Kaufman issued a Decision and Order denying the motion for protective order. The August 28, 1996 Order stated that Judge Paul could seek review of the decision and that the Order would be stayed pending review. On September 5, 1996, Plaintiffs filed the instant action in this Court seeking declaratory and injunctive relief.

## II. CONTENTIONS OF THE PARTIES

Plaintiff contends that the State of Florida lacks the power to compel a federal judicial officer to give testimony regarding a matter in which the judicial officer is currently presiding, and where the judicial officer is not a party or a respondent. The Plaintiff contends that under the doctrine of sovereign immunity, the United States is immune from any proceeding to enforce the subpoena. Plaintiff further contends that the subpoena is a nullity under the Supremacy Clause of the United States Constitution because compelling Judge Paul to testify in a bar proceeding would interfere with an on-going federal judicial proceeding. Plaintiff prays that this Court grant its motion for summary judgment.

The Florida Bar and Kaufman contend that neither the doctrine of sovereign immunity nor the Supremacy Clause confer general immunity from state action on Federal officers. Defendants argue that the Bar does not seek to inquire into Judge Paul's mental processes or compel him to act. The Bar further contends that it would not interfere in any way with Judge Paul's performance of his official duties because the subpoena was issued to Judge Paul in his individual capacity.

## III. DISCUSSION

### A. Standard for Summary Judgment

Summary judgment may be granted when the evidence in the record establishes that

---

1. Article III of the Constitution vests the judicial power of the United States in the Supreme Court "and to such inferior Courts as the Congress may from time to time ordain and establish." U.S. Const. Art. III, § 1.

there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The moving party has the burden of production. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970). When the moving party has met this burden by offering sufficient evidence to support the motion, the party opposing must then respond with affidavits or other evidence that establishes the existence of a genuine issue of material fact. *See Adickes,* 398 U.S. at 160, 90 S.Ct. at 1609–10.

In making this determination, the Court must decide which issues are material. The Supreme Court has stated that "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

The Court must also determine whether the dispute about a material fact is indeed genuine. In other words, is the "evidence ... such that a reasonable jury could return a verdict for the nonmoving party." *Anderson,* 477 U.S. at 248, 106 S.Ct. at 2510; *Marine Coatings of Alabama, Inc. v. United States,* 932 F.2d 1370, 1375 (11th Cir.1991) (dispute of fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party).

Finally, a plaintiff cannot defeat a motion for summary judgment by resting on the conclusory allegations in the pleadings. Fed. R.Civ.P. 56(e); *Anderson v. Liberty Lobby Inc.,* 477 U.S. at 248, 106 S.Ct. at 2510. Nor will a summary judgment motion be defeated merely on the basis of a "metaphysical doubt" about the material facts, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986), "or on the basis of conjecture or surmise." *Bryant v. Maffucci,* 923 F.2d 979, 982 (2nd Cir.1991), *cert. den.,* 502 U.S. 849, 112 S.Ct. 152, 116 L.Ed.2d 117 (1991). This is especially true for those issues on which the non-moving party would bear the burden of proof at trial. *Celotex*

*Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).

### B. Sovereign Immunity

The doctrine of sovereign immunity encompasses all actions brought against the United States, including those against federal officers and actors, in which the relief "sought would expend itself on the public treasury or domain, or interfere with the public administration ... or if the effect of the judgment would be to restrain the Government from acting, or to compel it to act." *Dugan v. Rank,* 372 U.S. 609, 620, 83 S.Ct. 999, 1006, 10 L.Ed.2d 15 (1963). In *Louisiana v. Sparks,* 978 F.2d 226, 235 (5th Cir. 1992), the Fifth Circuit followed *Swett v. Schenk,* 792 F.2d 1447, 1451–52 (9th Cir. 1986) and held that a court, state or federal, lacks jurisdiction to enforce a subpoena against an unwilling sovereign.

The Florida Bar contends that the subpoena issued against Judge Paul does not implicate sovereign immunity because it does not inquire into Judge Paul's mental process in the course of reaching a decision. Plaintiff asserts that the subpoena does not operate against the public treasury, does not seek to restrain the government from acting or to compel it to act, and would not interfere in any way with Judge Paul's performance of his official duties as a judge.

The Court does not accept the Defendant's characterization of the subpoena and finds that it was intended to compel Judge Paul to act. Blacks Law Dictionary 1426 (6th ed.1990) defines subpoena duces tecum as follows:

A court process, initiated by party in litigation, compelling production of certain specific documents and other items, material and relevant to facts in issue in a pending judicial proceeding, which documents and items are in custody and control of person or body served with process.

The subpoena stated that if Judge Paul failed to "appear, testify and produce the records hereinabove specified, as herein required, [he] will be deemed to be in contempt of the Supreme Court of Florida." Accordingly, Defendant's contention, that the subpoena

did not compel Judge Paul to act, is without merit.

■ The next inquiry is whether Judge Paul was acting in his official capacity as a judicial officer of the United States. In their motion for summary judgment, Defendants argue that sovereign immunity does not apply because the subpoena was not issued to Judge Paul in his official capacity, but as an individual who observed unrecorded statements made by attorneys. The Defendants allege that the recollection of those statements is relevant to the performance of the Bar's duty and the fair justice and administration. In *Jefferson County v. Acker*, 92 F.3d 1561, 1572 (11th Cir.1996), the Eleventh Circuit held that when a federal judge is performing judicial duties he or she cannot "realistically be viewed as a separate entity from the federal court." In the instant case, Judge Paul was presiding over a hearing in his Chambers as the federal judge assigned to *United States v. DuBoc*. The attorneys present in Judge Paul's chambers were representing the parties to the *DuBoc* action. Therefore, the Court finds that Judge Paul was acting in his official capacity at the time the agreement was allegedly discussed. Accordingly, the defendants' subpoena is directed to the United States Government.

■ The Florida Bar further contends that enforcement of the subpoena would not interfere with the administration of the judicial power of the United States. In his August 5, 1996 letter, Judge Paul expresses his concern that complying with the subpoena may cause his impartiality in the *DuBoc* case pending before him to be reasonably questioned. Defendants assert that this concern is unfounded. However, it is Judge Paul not the Florida Bar that is responsible for conducting the fair and impartial administration of justice in the *DuBoc* case. Thus, Defendant's are precluded by the doctrine of sovereign immunity from successfully challenging Judge Paul's reasons for declining to honor the subpoena.

Defendants argue that judges routinely make reference in their orders to statements made by counsel during the course of proceedings and bench conferences, and such references have never been considered a violation of any ethical canon. Defendants fail to make the critical distinction between statements that are made in an order which are part of the judicial proceeding and statements that are made in a bar proceeding which are public comments not covered by Canon 3(A)(6).

### C. Supremacy Clause

■ The subpoena duces tecum issued by defendants violates the Supremacy Clause of the United States Constitution because it interferes with the administration of justice in the *Duboc* case. Article VI, Clause 2 of the United States Constitution provides:

> This Constitution, and the Laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States, shall be the supreme Law of the land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding.

Defendants argue that the subpoena does not violate the Supremacy Clause because the Florida Bar does not seek to inquire into Judge Paul's mental process and thus would not interfere in the performance of official duties. Defendants rely on *United States v. Nixon*, 418 U.S. 683, 687–88, 94 S.Ct. 3090, 3097–100, 41 L.Ed.2d 1039 (1974) for the proposition that Judge Paul enjoys no special status that would allow him to avoid his obligation to provide testimony. *Nixon* is not controlling here because it involved co-equal branches of the federal government, namely the Judiciary and the Executive branches. The Supreme Court of Florida is not a co-equal branch and thus its subpoena is subject to the Supremacy Clause.

■ The Eleventh Circuit relied on the Supremacy Clause in *Jefferson County* when it held that judicial power that is derived from the Constitution of the United States is wholly independent of state action, and that states may not directly or indirectly destroy, abridge, limit or render it inefficacious. *See* 92 F.3d at 1573 n. 16. The Court finds that the subpoena is an unconstitutional interference with Judge Paul's right to discharge his

judicial duties and therefore the subpoena is a nullity.

## IV. INJUNCTION

In *United States v. McLeod,* 385 F.2d 734 (5th Cir.1967), the state subpoenaed certain attorneys employed by the U.S. Department of Justice to appear before a grand jury. These lawyers had been working in Selma, Alabama, to enforce federal civil rights laws. The Fifth Circuit held that the United States was entitled to an injunction against the grand jury investigation because the investigation was an intolerable interference with the proper governmental function of enforcing federal civil rights laws.

 In the case at bar, the subpoena commanding Judge Paul to give testimony constitutes an intolerable interference in a federal judicial proceeding. Judge Paul is not required to provide the Florida Bar with testimony that could expose him to a recusal motion or a finding on appeal that he was impartial. The Supremacy Clause enables the United States to conduct its duties and official functions in a manner that it deems best, free from any interference from state and local governments. Accordingly, the Court finds that the subpoena is a nullity and hereby enters an injunction against defendants to bar them from enforcing the subpoena.

## CONCLUSION

In light of the foregoing, It is

**ORDERED AND ADJUDGED** that the Plaintiff's, the United States of America, motion for summary judgment is hereby GRANTED. It is further,

**ORDERED AND ADJUDGED** that the Defendant's motion for summary judgment is hereby DENIED. It is further

**ORDERED AND ADJUDGED** that Plaintiff's. motion for a permanent injunction is hereby GRANTED and that the subpoena duces tecum dated July 16, 1996 is hereby QUASHED. It is further

**ORDERED AND ADJUDGED** that the Defendants are forever barred from enforcing the subpoena. It is further

**ORDERED AND ADJUDGED** that all other pending motions are DENIED AS MOOT.